UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT R. PRUNTY and J.R.P.,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　Case No. 2:20-cv-333-FtM-66NPM

COMMISSIONER OF SOCIAL
SECURITY
    Defendant.

**REPORT AND RECOMMENDATION**

Before the Court is the Complaint (Doc. 1) filed by Robert R. Prunty, appearing *pro se* purportedly on behalf of himself and his minor child. The Complaint seeks review of a decision by the Commissioner of Social Security denying or discontinuing J.R.P.'s social security benefits. (Doc. 1, pp. 2-3).

In its May 20, 2020 Order (Doc. 5) and its July 1, 2020 Order to Show Cause (Doc. 7), the Court explained that while individuals have the right to represent themselves *pro se* under 28 U.S.C. § 1654, non-lawyer parents do not have the right to represent a minor child in federal court. *Scotto v. McClean*, No. 8:17-CV-2730-T-36TBM, 2017 WL 8894633, *2 (M.D. Fla. Dec. 27, 2017), *report and recommendation adopted*, No. 8:17-CV-2730-T-36TBM, 2018 WL 1886576 (M.D. Fla. Jan. 17, 2018) (citing *Whitehurst v. Wal-Mart*, 306 F.App'x 446, 449 (11th Cir. 2008)); *see also Peake ex rel. K.R.D. v. Comm'r of Soc. Sec.*, No. 6:06-CV-1863-ORL-KRS, 2008 WL 495377, *1 (M.D. Fla. Feb. 20, 2008) ("Under the law of this circuit, parents do not have the right to represent their children in federal court.") (citing *Devine v. Indian River County Sch. Bd.*, 121 F.3d 576 (11th Cir. 1997)); *L.R. v.*

*Leon Cty. Sch. Dist.*, No. 4:18-CV-72-MW/CAS, 2019 WL 1177996, *8 (N.D. Fla. Feb. 14, 2019), *report and recommendation adopted*, No. 4:18-CV-72-MW/CAS, 2019 WL 1172012 (N.D. Fla. Mar. 13, 2019) ("Courts uniformly permit parents to 'sue or defend on behalf of a minor, but' prohibit a parent from acting 'as legal counsel for their child.'") (quoting *Dunn-Fischer v. Dist. Sch. Bd. of Collier Cty.*, No. 2:10-CV-512, 2011 WL 1085036, *1-2 (M.D. Fla. Mar. 21, 2011)). The Court apprised Prunty that he cannot represent J.R.P. in this matter and must retain counsel for J.R.P. (Doc. 5, pp. 1-2; Doc. 7, pp. 1-2). The Court extended the deadline to retain counsel to July 20, 2020. (Doc. 7, p. 2). No counsel has appeared for J.R.P. and so Plaintiffs have failed to comply.

In both the May 20, 2020 Order (Doc. 5) and the July 1, 2020 Order to Show Cause (Doc. 7), the Court also advised Prunty that he would have to pay the filing fee or request leave to appear *in forma pauperis*. (Doc. 5, p. 2; Doc. 7, p. 2). Pursuant to 18 U.S.C. § 1914, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350." 28 U.S.C. § 1914(a). And the Clerk of Court is permitted to collect from the parties "such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(b). Thus, in this district, plaintiffs are required to pay a filing fee of $400. In the alternative, an affidavit of indigency must be filed with the Clerk of Court. The Court extended the deadline to pay the filing fee or request leave to proceed *in forma pauperis* to July 20, 2020, and again Plaintiffs failed to comply.

In sum, Plaintiffs failed to comply with the May 20, 2020 Order and the July 1, 2020 Order to Show Cause; no counsel has appeared for J.R.P.; and no Plaintiff has filed an affidavit of indigency or paid the filing fee. In both prior orders, the Court cautioned that it

would recommend this action be dismissed for lack of prosecution if Plaintiffs failed to comply. The Court has given ample opportunity to comply with its orders and has no other recourse then to recommend this action be dismissed for failure to prosecute. *See* M.D. Fla. Rule 3.10(a) ("Whenever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution.").

Accordingly, it is respectfully **RECOMMENDED**:

The Complaint (Doc. 1) be dismissed for failing to comply with Court orders, failing to pay the filing fee or request leave to proceed *in forma pauperis*, failing to retain counsel for J.R.P., and failing to prosecute this action.

Respectfully recommended in Chambers in Fort. Myers, Florida on July 30, 2020.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**